UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FIRST SERVICE CREDIT UNION,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | **CIVIL ACTION NO. 4:24-cv-906** |
| § | | |
| **CUMIS INSURANCE SOCIETY, INC.** § | | |
| § | | |
| **Defendant.** § | | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant CUMIS Insurance Society, Inc. ("CUMIS"), by and through its undersigned attorneys, hereby answers the complaint[1] of Plaintiff First Service Credit Union ("First Service"), and in support thereof avers as follows:

### I.     DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under Level 3, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

**RESPONSE**:  The allegations of this paragraph refer to a discovery control plan that is set forth in the Texas Rules of Civil Procedure.  Upon removal to this Court, the Texas Rules of Civil Procedure no longer apply and thus a response is not required.  To the extent that a response is required, the allegations of this paragraph are denied.

---

[1] First Service's Complaint was filed in the District Court of Harris County, Texas as an "Original Petition."  This case was removed to the United States District Court for the Southern District of Texas on March 12, 2024.  For ease of reference, CUMIS refers to the Original Petition as the "Complaint."

**ANSWER AND AFFIRMATIVE DEFENSES** **PAGE 1**
DMS_US.362834466.3 219686.000111

## II.  RELIEF

2. Plaintiff seeks damages within the jurisdictional limits of this Court.  More specifically, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 and nonmonetary relief.

**RESPONSE**:  The allegations of this paragraph are not allegations of fact, but rather describe the relief that First Service seeks in this action.  Therefore, no response is required to these allegations.  Moreover, the allegations of this paragraph refer to the relief that First Service being within the jurisdictional limits of the District Court of Harris County, Texas.  Upon removal to this Court, those jurisdictional limits are no longer relevant and thus a response is not required.  To the extent that a response is required, CUMIS admits that First Service seeks damages of $490,597.86, plus attorney's fees, costs, and interest.  CUMIS denies that First Service is entitled to any of the relief it seeks.

## III.  PARTIES

3. Plaintiff, FIRST SERVICE CREDIT UNION (the "*Plaintiff*"), is a non-profit financial cooperative registered in Texas, which may be served in this matter through its counsel of record.

**RESPONSE**:  Admitted, upon information and belief, that First Service is a non-profit financial cooperative registered in Texas.  The allegation that First Service "may be served in this matter through its counsel of record" is not a factual allegation but a conclusion of law to which no response is required.

4. Defendant, CUMIS INSURANCE SOCIETY, INC. (a/k/a and/or d/b/a CUNA MUTUAL GROUP and/or TRUSTAGE FINANCIAL GROUP, INC.) (the "*Defendant*" or "*CUMIS*"), is a domestic insurance carrier authorized to conduct business in Texas, and which

provides insurance coverage, including without limitation, to businesses in The State of Texas, and which can be served with process *via* its registered agent:

C T CORPORATION SYSTEM<br>
350 North St. Paul Street<br>
Dallas, TX 75201

**RESPONSE**:  Admitted in part, denied in part.  CUMIS admits only that it is authorized to conduct business in Texas, that it issues insurance products that provide coverage to, among others, business in the State of Texas, and that its registered agent in the State of Texas is CT Corporation System, 350 North St. Paul Street, Dallas, TX 75201.  CUMIS denies that it is "also known as" or "does business as" CUNA Mutual Group or TruStage Financial Group, Inc.  CUNA Mutual Group is a marketing designation formerly used to identify a family of affiliated insurance companies, of which CUMIS was one.  That marketing designation is no longer in use.  TruStage Financial Group, Inc., is CUMIS's corporate parent.  They are entirely separate legal entities, and CUMIS does not do business under the name TruStage Financial Group, Inc.  CUMIS further denies that it is a "domestic" insurance carrier; while licensed to do business in Texas, CUMIS is organized and existing under the laws of the State of Iowa and has its principal place of business in Madison, Wisconsin, and is thus a citizen of the States of Iowa and Wisconsin for purposes of diversity jurisdiction.

## IV.    JURISDICTION & VENUE

5.    The Court has subject matter jurisdiction over this action.  Venue is proper in this court because the cause of action occurred in Harris County, Texas.

**RESPONSE**:  The allegations in the Paragraph refer to whether jurisdiction and venue were proper in the District Court of Harris County, Texas.  Upon removal to this Court, those allegations are no longer relevant and thus a response is not required.  To the extent that a response

is required, CUMIS asserts that this Court has subject matter jurisdiction over this matter because there is complete diversity of parties and the amount in controversy exceeds $75,000, and venue is proper because this matter was removed from the District Court of Harris County, Texas, which is encompassed by this federal district.

## V.   FACTS

6. On or about December 09, 2021, Plaintiff purchased a fidelity bond insurance policy (*Policy No. 042-2339-2)* from Defendant.  This policy was intended to cover losses resulting from Electronic Crime, Fraudulent Deposits, Fund Transfer, and Forgery or Alteration, among other protections.

**RESPONSE**: Denied as stated.  CUMIS admits that it issued the referenced fidelity bond to First Service.  CUMIS further admits that that bond contained various coverages, including coverages entitled Electronic Crime, Fraudulent Deposits, Fund[s] Transfer, and Forgery or Alteration.  CUMIS denies that the fidelity bond was "purchased" on or about December 09, 2021; by way of further response, it was renewed for a further term on or about that date.  CUMIS also denies the implication that any of the listed coverages required payment of First Service's claim, or any implication contained in First Service's allegations that are contrary to the terms of the bond itself.

7. On or about October 06, 2022, Plaintiff discovered a series of fraudulent and unauthorized transactions, including fraudulent entry of electronic data into a computer system and electronic funds transfer system by an unknown person.  These unauthorized activities resulted in substantial financial loss to the Plaintiff.

**RESPONSE**:  Admitted in part; denied in part. It is admitted that on or about October 6, 2022, First Service discovered certain fraudulent and unauthorized transactions effected by an

unknown person. CUMIS denies any implication that the entirety of the "loss" suffered by First Service as a result of these activities is covered under the fidelity bond at issue.

8. Plaintiff promptly reported the loss to Defendant, providing proof of loss and other documents as requested by Defendant. Despite Plaintiff's full compliance with the terms of the policy, Defendant wrongfully denied the claim on or about December 22, 2022.

**RESPONSE**: Admitted in part; denied in part. Admitted that First Service made a claim with CUMIS in October 2022 and provided certain documents and other information to CUMIS in support of its claim. Admitted that Defendant denied the claim on or about December 22, 2022. It is denied that any such denial was "wrongful." To the contrary, CUMIS found that certain of First Service's claimed losses were covered, but the losses that were covered did not satisfy the bond's deductible. The remainder of those losses resulted from electronic funds transfers that were made into an account belonging to a First Service member, but were later not honored by the institution from which they were transferred. These losses are subject to an express exclusion in the Bond for "Uncollected Funds."

9. A subsequent written demand was sent to Defendant on or about March 6, 2023. Defendant again wrongfully denied the claim on or about May 5, 2023.

**RESPONSE**: Admitted in part; denied in part. Admitted that First Service made an additional written demand, through counsel, on March 6, 2023, which was received by CUMIS on March 9, 2023. Admitted that by letter dated May 5, 2023, CUMIS, through counsel, reiterated its coverage determination. Denied that this coverage position was "wrongful."

10. Defendant has continually refused to honor its obligations under the policy, resulting in financial damages to Plaintiff.

**RESPONSE**: Denied.

## VI.   CAUSES OF ACTION

### A.   *Bad Faith*

11.   The facts stated above are integrated herein by reference.

**RESPONSE**:  CUMIS incorporates its responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

12.   At all times relevant to this suit, Plaintiff was insured under an insurance contract issued by Defendant, which gave rise to a duty of good faith and fair dealing.  Defendant breached its duty by denying and/or delaying payment of a covered claim when it knew or should have known its liability under the policy was reasonably clear.  Defendant's breach of duty proximately caused injury to Plaintiff, which resulted in the damage discussed below.

**RESPONSE**:  Admitted in part; denied in part.  CUMIS admits that at all relevant times, First Service was insured under a fidelity bond issued by CUMIS.  The allegation that the bond gave rise to a duty of good faith and fair dealing is not a factual allegation but a conclusion of law to which no response is required.  The remaining allegations of this paragraph are denied.

13.   Further, Plaintiff suffered injury independent of the loss of policy benefits resulting from Defendant's gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Rules of Civil Procedure § 41.003(a).

**RESPONSE**:  Denied.

### B.   *Violation of the Texas Insurance Code*

14.   The facts stated above are integrated herein by reference.

**RESPONSE**:  CUMIS incorporates its responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

15.     In the alternative, Plaintiff was an insured under a contract for insurance issued by Defendant. Plaintiff suffered a loss covered by the policy and gave proper and timely notice to Defendant of Plaintiff's claim. Defendant is liable for the claim and had a duty to pay the claim in a timely manner.

**RESPONSE**: Admitted in part; denied in part. Admitted that First Service was insured under a fidelity bond issued by CUMIS and that First Service submitted timely notice of claim to CUMIS. The remaining allegations of this paragraph are denied.

16.     Defendant's acts or practices violated Texas Insurance Code Ch. 541, subchapter B, by making untrue statement(s) of material fact, omitting material fact(s) so that other statements are rendered misleading, and/or making statement(s) in a way that would lead a reasonably prudent person to a false conclusion about a material fact.

**RESPONSE**: Denied.

17.     Further, Defendant refused to pay a claim without reasonable investigation and failed to promptly provide a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the denial of the claim. Defendant's acts or practices were a producing cause of injury to Plaintiff, which resulted in the damages discussed below.

**RESPONSE**: Denied.

18.     In addition, Defendant acted knowingly, which entitles Plaintiff to recover treble damages under Texas Insurance Code § 541.152.

**RESPONSE**: Denied.

C.   *Breach of Contract*

19.   The facts stated above are integrated herein by reference.

**RESPONSE**:  CUMIS incorporates its responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

20.   In the alternative, Plaintiff asserts a claim for breach of contract against Defendant. At all times relevant to this suit, Plaintiff and Defendant were engaged in a valid and enforceable contract, which provided that Plaintiff would pay premiums to Defendant and Defendant would cover certain losses as stipulated in the policy.  Plaintiff performed its contractual obligations. Defendant has breached the terms of the insurance policy by failing to cover Plaintiff's losses as promised, which caused injury to Plaintiff resulting in the liquidated and/or unliquidated damages discussed below.

**RESPONSE**:  Admitted in part; denied in part.  Admitted that the fidelity bond was a valid and enforceable contract which provided for the payment of premiums in exchange for insurance coverage as set forth in the contract, and that First Service has paid all required premiums under the fidelity bond.  The remaining allegations of this paragraph are denied.

## VII.   DAMAGES

21.   As a direct and proximate result of Defendant's actions, Plaintiff has incurred actual and/or economic damages in the amount of $515,597.86, less a deductible of $25,000.00.

**RESPONSE**:  Denied.

22.   Pursuant to Texas Insurance Code § 542.060, Plaintiff is entitled to recover reasonable and necessarily incurred attorney's fees, court costs, and interest incurred in the prosecution of this action.  In the alternative, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this is a

suit for breach of a written contract.  Plaintiff retained counsel, who presented Plaintiff's claim to Defendant.  Defendant did not tender the amount timely following the presentation of such claim.

**RESPONSE**:  Admitted in part; denied in part.  Admitted that First Service has retained counsel in connection with its claim for benefits, and that CUMIS has not paid any benefits in connection with the claim.  The remaining allegations of this paragraph are denied.  CUMIS specifically denies that any benefits were owed under the terms of the fidelity bond.

23. Additional damages stated above are integrated herein by reference.

**RESPONSE**:  CUMIS incorporates its responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

### VIII.   REQUEST FOR DISCLOSURE

24. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose the information and materials described in Rule 194.2 within 30 days after the filing of the first answer or general appearance.

**RESPONSE**:  This paragraph does not contain factual allegations, but rather demands disclosures in accordance with the Texas Rules of Civil Procedure.  Upon removal to this Court, the Texas Rules of Civil Procedure no longer apply and thus a response is not required.

### IX.   CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiff's claim for relief have been performed, have occurred, or have been waived.

**RESPONSE**:  Denied.

### X.   JURY DEMAND

26. Plaintiff demands a jury trial and tenders the appropriate fee contemporaneously with the filing of this petition.

**RESPONSE**:  This paragraph contains a jury demand, and not factual allegations to which a response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

First Service's claims are barred, in whole or in part, due to its failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

First Service's claims are barred, in whole or in part, by the fidelity bond's "Uncollected Funds" exclusion, which states that CUMIS will not pay for any loss resulting "directly or indirectly from disbursements, payments made, or withdraws from an account maintained by you involving deposits, payments, or credits that are returned, reversed or otherwise ultimately not paid, for any reason, including but not limited to 'forgery' or any other fraud[.]"  The vast majority of the losses that First Service allegedly suffered resulted from the activities of unauthorized individuals who purportedly made unauthorized electronic deposits into a member's account, and then electronically transferred the deposited funds into accounts with other institutions.  First Service would not have honored the outgoing transfers had the inbound transfers not resulted in its systems showing that the member had sufficient funds; however, because the institutions from which the inbound transfers stopped payment, the member did not have sufficient funds to cover the outgoing transfers.  The "Uncollected Funds" exclusion is directly applicable, and no exception thereto applies.

## THIRD AFFIRMATIVE DEFENSE

First Service's claims are barred, in whole or in part, because CUMIS acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

Any recovery will be subject to the amount of the applicable deductible(s) and/or coverage limit(s) set forth with the fidelity bond itself.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that First Service seeks an award of punitive damages, CUMIS invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. CUMIS affirmatively pleads that First Service's pleading of punitive and/or exemplary damages violates the due process clause of the Fifth and Fourteenth Amendments.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that First Service seeks an award of punitive damages, assessment of punitive damages is improper because First Service failed to plead any predicate authorizing the recovery of punitive damages.  First Service is unable to establish, by credible evidence meeting the requisite standard of proof, that CUMIS was actually aware of any harm which First Service alleges to have sustained as a result of the handling of First Service's insurance claim; therefore, First Service is not entitled to any alleged exemplary or punitive damages because First Service is unable to prove that CUMIS was actually aware of an extreme risk resulting from the handling of CUMIS's claim.  Further, First Service is unable to establish, by clear and convincing evidence, that CUMIS acted with malice; therefore, under section 41.001(7) of the Texas Civil Practice and Remedies Code, First Service is not entitled to any supposed exemplary or punitive damages that First Service alleges in this lawsuit.  Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the

amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code Section 41.002-41.009.

## SEVENTH AFFIRMATIVE DEFENSE

First Service's claims under the Texas Insurance Code are barred because, among other things, (a) CUMIS did not breach the fidelity bond under which First Service purports to be claiming in this lawsuit; (b) First Service has not sustained any damages independent of First Service alleged breach-of-contract theory; (c) the handling and investigation of First Service's insurance claim was reasonable; (d) any alleged liability for First Service's insurance claim did not become and is not reasonably clear; and (e) there is a bona fide coverage dispute concerning First Service's insurance claim and the policy of insurance under which First Service purports to be claiming in this lawsuit. CUMIS had a reasonable basis for its conduct based upon the claim investigation. A mere bona fide coverage dispute does not constitute a breach of any duty of good faith and fair dealing to any extent alleged by First Service in this lawsuit. Moreover, a bona fide controversy exists in the valuation of First Service's claim and liability, if any, under the contract. Therefore First Service's extra-contractual causes of action are precluded.

## EIGHTH AFFIRMATIVE DEFENSE

First Service's claims for extra-contractual damages are precluded because there is no coverage under the fidelity bond at issue in this case. The existence of coverage and/or compensable damage for First Service's underlying insurance claims is mandatory to establish the basis of First Service's claim under the Texas Insurance Code and common law. Because First Service's allegations are generally based upon CUMIS's alleged failure to pay benefits, the absence of coverage precludes First Service's Insurance Code and extra-contractual claims against CUMIS arising out of those allegations.

## NINTH AFFIRMATIVE DEFENSE

CUMIS has not knowingly or voluntarily waived any applicable affirmative defense, and reserves its right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during the course of this action.

WHEREFORE, CUMIS respectfully requests the entry of an Order by this Court as follows:

1. That judgment be entered against First Service and in favor of CUMIS and that First Service take nothing;

2. Awarding CUMIS its costs; and

3. Awarding CUMIS any further relief this Court deems appropriate.

Respectfully submitted,

*/s/ Sara E. Inman*
SARA E. INMAN
ATTORNEY-IN-CHARGE
State Bar No. 24073098
Southern Bar No. 3008974
sara.inman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

Jason P. Gosselin (*pro hac vice* to be filed)
John M. Moore (*pro hac vice* to be filed)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Jason.gosselin@faegredrinker.com
John.moore@faegredrinker.com
(215) 988-2700 (Telephone)
(215) 988-2756

*Attorneys for CUMIS Insurance Society, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, March 19, 2024, I have caused a copy of the foregoing, and all exhibits thereto, to be filed via the Court's CM/ECF system:

Jeffrey L. Diamond
J. Diamond and Associates, PLLC
1111 North Loop W, Ste. 500
Houston, Texas 77008-4713
jeffrey@jdiamondandassociates.com
Service@jdiamondandassociates.com

                                            /s/ Sara. E. Inman
                                            SARA E. INMAN